## WILSON *v.* ANDERSON.

### Opinion delivered June 22, 1925.

DISMISSAL AND NONSUIT—REINSTATEMENT.—Where an appeal by a defendant from the judgment of a justice of the peace was dismissed for want of prosecution, and on the same day a motion to reinstate was filed, alleging that defendant had employed an attorney to prosecute his appeal, and had not been informed by such attorney that he would not represent him, *held* that the dismissal should have been set aside.

Appeal from Ouachita Circuit Court; *L. S. Britt,* Judge; reversed.

*Saxon & Davidson,* for appellant.

SMITH, J. This suit originated in the court of a justice of the peace, and the appellant here was the defendant there. A judgment was rendered by the justice of the peace for the plaintiff, from which the defendant appealed to the circuit court. This appeal appears to have been perfected on September 8, 1923, and the cause was placed on the docket of the circuit court. On the 24th of April, 1924, the following order was made in the circuit court: "Now on this day this cause being reached on the court's docket and, same being called for trial, said appeal is by the court dismissed for want of prosecution."

On the day on which this order was made a motion was filed to reinstate, which contained the following allegations. There were recited facts which, if true, constituted a highly meritorious defense to the plaintiff's cause of action. It was recited in this motion that the cause was set for trial Thursday, April 24, 1924, and that defendant was present for the trial. He had employed a regular practicing attorney to represent him at the trial. The court proceeded to sound the docket to ascertain what cases were ready for trial, and when the instant case was called for that purpose appellant's attorney was not present, and the cause was dismissed for the want of prosecution.

Appellant immediately advised the attorney he had employed to represent him of the court's action, and was then, for the first time, informed that the attorney had retired from practice and would not appear in any case. This attorney was not present in court when the cause was dismissed and did not appear for half an hour thereafter, but, as soon as the attorney did appear and had advised appellant that he would not represent him, appellant immediately employed another attorney and announced ready for trial and prayed the reinstatement of the cause. Appellant was not advised by his original attorney that he would not appear for him until after

the order of the court had been made dismissing the appeal.

Defendant's new attorney prepared and filed at once a motion to reinstate, which was duly sworn to, and the facts herein recited are copied from this motion.

It was there further recited, "that defendant is old and infirm and knows nothing whatever about court procedure, and when the case was being called he did not know it was for dismissal and was not informed by the court nor any one for the court that his case was being called up for the purpose of determining whether it would be ready for trial, and that if he failed to announce ready for trial the cause would be dismissed."

This motion was heard the day it was filed, and the court entered the following order: "Now on this day comes the parties herein by their respective attorneys and the motion filed in this cause asking that the order of dismissal had in this cause be set aside and said cause be reinstated, and, said motion coming on to be heard and same being submitted to the court, the court, after being well and sufficiently advised in the premises and after hearing argument of counsel for both plaintiff and defendant, is of the opinion that said motion to reinstate should be and same is by the court overruled and denied."

This appeal is from the order of the court refusing to reinstate the cause for trial, and, as we understand the judgment from which we have copied, the matter was heard on the motion. No testimony appears to have been offered on the hearing of the motion, and it was apparently disposed of as if it had been heard on demurrer to the motion.

When thus considered, it appears to us that a *prima facie* showing was made that appellant did not fail to prosecute his appeal with diligence. He was present ready for trial except only that his attorney had retired from practice without advising his client of that fact, and within half an hour after being so advised appellant had employed other counsel, and had announced ready for

trial. Upon this showing we think there was no lack of diligence on the part of appellant in prosecuting his appeal from the judgment of the justice of the peace, and the order dismissing the cause for want of prosecution should have been set aside, and a trial of the cause on its merits ordered.

For the error indicated the judgment will be reversed, and the cause remanded with directions to set aside the order of dismissal and to redocket the cause for trial on its merits.